FILED

2009 OCT 20 A 10: 45

IN THE COMMON PLEAS COURT
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| BERNADEAN HOUSTON<br>3835 South Washington Road<br>Saginaw, MI 48601,<br><br>and,<br><br>DARNELL J. BURNS<br>11204 Parkview Avenue<br>Cleveland, OH 44104,<br><br>Plaintiffs,<br><br>-vs.-<br><br>DAVID P. GIBSON<br>c/o Cleveland Police Fourth District Station<br>9333 Kinsman Road<br>Cleveland, OH 44104,<br><br>MICHAEL E. RASBERRY<br>c/o Cleveland Police Fourth District Station<br>9333 Kinsman Road<br>Cleveland, OH 44104, | CASE NO.<br><br><br><br><br><br>JUDGE<br>Judge: NANCY MARGARET RUSSO<br><br>CV 09 707283<br><br><br><br><br>**COMPLAINT**<br><br>Excess force and unreasonable seizure under<br>Fourteenth Amendment; assault, battery,<br>false imprisonment and trespass to chattels.<br><br>(Jury Demand Endorsed Hereon) |
| GORDON L. HOLMES<br>c/o Cleveland Police Fourth District Station<br>9333 Kinsman Road<br>Cleveland, OH 44104,<br><br>and,<br><br>RODDY LUTHER, JR.<br>c/o Cleveland Police Fourth District Station<br>9333 Kinsman Road<br>Cleveland, OH 44104,<br><br>Defendants. | |

EXHIBIT A

## INTRODUCTION

1. This is a civil action for damages incurred by Plaintiffs Bernadean Houston and Darnell J. Burns on or about April 9, 2009 when, on information and belief, each of the defendants hereof–City of Cleveland police officers David P. Gibson, Michael E. Rasberry, Gordon L. Holmes and Roddy Luther, Jr.–subjected Plaintiffs to wrongs including battery, false imprisonment, and/or trespass to chattels; and violations of the Fourth and Fourteenth Amendments; at Plaintiff Burns' residence in Cleveland, Ohio.

## JURISDICTION AND VENUE

2. This is action is brought under the laws of the State of Ohio and the United States: the Ohio laws governing assault, battery, false imprisonment; and theft, conversion and/or trespass to chattels; and 42 U.S.C. § 1983, the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; as hereinafter more fully appears. All of the activity by Defendants alleged herein as giving rise to the instant claims for relief occurred in Cuyahoga County.

## PARTIES

3. Plaintiff Bernadean Houston ("Ms. Houston") is an adult citizen of Michigan and the United States.

4. Plaintiff Darnell J. Burns ("Mr. Burns") is an adult citizen of Ohio and the United States.

5. On information and belief, Defendant David P. Gibson ("Defendant Gibson" or "Detective Gibson") was a detective in the vice unit of the City of Cleveland Department of Police Fourth District at the time of the events alleged herein and his police badge number was

2

and/or is 432. Detective Gibson is being sued in his personal capacity.

6. On information and belief, Defendant Michael E. Rasberry ("Defendant Rasberry" or "Detective Rasberry") was a detective in the vice unit of the City of Cleveland Department of Police Fourth District at the time of the events alleged herein and his police badge number was and/or is 2077. Detective Rasberry is being sued in his personal capacity.

7. On information and belief, Defendant Gordon L. Holmes ("Defendant Holmes" or "Detective Holmes") was a detective in the vice unit of the City of Cleveland Department of Police Fourth District at the time of the events alleged herein and his police badge number was and/or is 2077. Detective Holmes is being sued in his personal capacity.

8. On information and belief, Defendant Roddy Luther, Jr. ("Defendant Luther" or "Detective Luther") was a detective in the vice unit of the City of Cleveland Department of Police Fourth District at the time of the events alleged herein. Detective Luther is being sued in his personal capacity.

## FACTS

### Background

9. Plaintiff Bernadean Houston is a former resident of Cleveland, Ohio and now resides in Saginaw, Michigan. At the time of the subject events, she was 52 years old.

10. On or about Thursday, April 9, 2009, Ms. Houston drove to Cleveland with her son, Wynton Houston ("Wynton"), and her mother, to visit several of their relatives, including Plaintiff Darnell J. Burns, her cousin. Mr. Burns was 28 years old at the time of the subject events.

11. After dropping off her mother at another relative's house, Ms. Houston drove

Wynton and herself to the house where Mr. Burns resides, 11204 Parkview Avenue ("the house"). Soon after their arrival at the house, Defendants and several other Cleveland police officers came to it and ordered several young men who were in the vicinity of the house to lie face-down on the ground. This included Wynton.

### Ms. Houston

12. Ms. Houston was in the house when the police arrived. A relative came inside and told her about the situation outside. She exited and saw her Wynton, among other young men, on the ground.

13. Thereupon, she asked the officers present what was going on.

14. After discussing the situation with an officer who was, on information and belief, Detective Gibson, he grabbed her and physically abused her, including by slamming her head against the exterior wall of the house.

15. She was then handcuffed and taken to the Cleveland jail in the Justice Center.

16. She was held in said jail for two days and denied most of the medical treatment she needed and requested while incarcerated there.

17. She has not been prosecuted for any crime alleged to have taken place during the subject events.

### Mr. Burns

18. While the officers were at the house, Detective Rasberry entered the house more than once.

19. Mr. Burns stated his belief to Detective Rasberry that the police were not authorized to enter the house.

4

20. Later, apparently in frustration in not finding anything illegal in the house, Detective Rasberry swore at Mr. Burns.

21. Thereupon, Detective Rasberry physically abused Mr. Burns, including by slamming him in the chest with both hands.

22. Said action caused Mr. Burns to fall backwards onto the driveway.

23. Thereafter, Detective Rasberry arrested Mr. Burns, stole $280.00 in cash that Mr. Burns had on his person, punched Mr. Burns in the chest, and transported him to the Cleveland jail in the Justice Center.

24. Mr. Burns was held in the Cleveland jail in the Justice Center for approximately one day. During most of said time, he was denied treatment he needed for asthma.

25. Mr. Burns has not been prosecuted for any crime alleged to have taken place during the subject events.

26. On information and belief, Detectives Holmes and Luther are responsible for aiding in the false imprisonment of one or both plaintiffs.

## CLAIMS

Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 26 of this Complaint.

27. At all times material herein, all three defendants were acting as agents, servants and/or employees of the City of Cleveland.

28. At all times material herein, all four defendants were acting in the course, scope, and furtherance of their employment as police officers of the City of Cleveland.

29. At all times material herein, all four defendants were acting under color of law.

30. As a proximate result of Defendants' acts and omissions complained of hereunder, jointly and severally, Plaintiffs sustained pain, suffering and bodily damage.

31. As a proximate result of Defendants' acts and omissions complained of hereunder, jointly and severally, Plaintiffs sustained mental anguish.

32. As a proximate result of Defendants' acts and omissions complained of hereunder, jointly and severally, Plaintiffs suffered fear, indignity, humiliation, shame, embarrassment and disgrace.

33. As a proximate result of Defendants' acts and omissions complained of hereunder, jointly and severally, Ms. Houston incurred medical expenses.

34. As a proximate result of Detective Rasberry's acts and omissions complained of hereunder, Mr. Burns suffered financial loss, both directly and consequentially.

35. As a proximate result of Defendants' acts and omissions complained of hereunder, jointly and severally, Plaintiffs have suffered other harms.

**COUNT I - DEFENDANT GIBSON: ASSAULT & BATTERY, AND USE OF UNCONSTITUTIONALLY EXCESSIVE FORCE, AGAINST MS. HOUSTON**

Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 35 of this Complaint.

36. On information and belief, Detective Gibson made intentional attempts, without authority or consent, to harm or offensively touch Ms. Houston, that reasonably placed Ms. Houston in fear of such contacts, proximately causing harm to Ms. Houston, in violation of the Ohio law of assault.

37. On information and belief, Detective Gibson intentionally made offensive contacts with Ms. Houston without authority or consent, proximately causing harm to Ms.

6

Houston, in violation of the Ohio law of battery.

38. The offensive contacts with Ms. Houston that were, on information and belief, made by Detective Gibson and complained of hereunder, were a wanton, unnecessary, unreasonable and excessive use of force during a seizure of Ms. Houston, proximately causing harm to Ms. Houston and depriving her of her right to be free of unreasonable seizures under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

39. All of the acts and omissions that were, on information and belief, by Detective Gibson and proximately caused harm to Ms. Houston and complained of hereunder were made without any lawful privilege.

40. In the wrongs that were, on information and belief, imposed by Detective Gibson on Ms. Houston and complained of in this Count I, he acted with oppression, fraud and/or malice, and Ms. Houston is entitled to punitive damages.

## COUNT II - DEFENDANT RASBERRY: ASSAULT & BATTERY, AND USE OF UNCONSTITUTIONALLY EXCESSIVE FORCE, AGAINST MR. BURNS

Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 40 of this Complaint.

41. Detective Rasberry made intentional attempts, without authority or consent, to harm or offensively touch Mr. Burns, that reasonably placed Mr. Burns in fear of such contacts, proximately causing harm to Mr. Burns, in violation of the Ohio law of assault.

42. Detective Rasberry intentionally made offensive contacts with Mr. Burns without authority or consent, proximately causing harm to Mr. Burns, in violation of the Ohio law of battery.

43. Detective Rasberry's offensive contacts with Mr. Burns complained of hereunder

were a wanton, unnecessary, unreasonable and excessive use of force during a seizure of Mr. Burns, proximately causing harm to Mr. Burns and depriving him of his right to be free of unreasonable seizure under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

44. All of Detective Rasberry's acts and omissions proximately causing harm to Mr. Burns and complained of hereunder were made without any lawful privilege.

45. In imposing the wrongs complained of in this Count II, Detective Rasberry acted with oppression, fraud and/or malice, and Mr. Burns is entitled to punitive damages.

### COUNT III - DETECTIVE RASBERRY: THEFT, CONVERSION, AND/OR TRESPASS TO CHATTELS OF MR. BURNS

Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 45 of this Complaint.

46. Detective Rasberry illegally seized cash/money/legal tender in the amount of $280.00, ("the money"), from Mr. Burns' person.

47. Mr. Burns was the rightful owner and possessor of the money, and Detective Rasberry seized it without Mr. Burns' consent.

48. Neither Detective Rasberry nor any other party ever returned the money to Mr. Burns.

49. On information and belief, Detective Rasberry never noted in police records that he had seized the money.

50. On the foregoing bases, Detective Rasberry violated Mr. Burns' rights under the Ohio law of theft, conversion, and/or trespass to chattels, and is liable to Mr. Burns for the money and special damages suffered by reason of loss of use of the money.

51. On the foregoing bases, Detective Rasberry deprived Mr. Burns of his right to be

free of unreasonable seizures under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments, and is liable to Mr. Burns for the money and special damages suffered by reason of loss of use of the money.

52. In imposing the wrongs complained of in this Count III, Detective Gibson acted with oppression, fraud and/or malice, and Mr. Burns is entitled to punitive damages.

### COUNT IV - DEFENDANT GIBSON: FALSE IMPRISONMENT, CONSTITUTIONALLY UNREASONABLE SEIZURE, OF MS. HOUSTON

Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 52 of this Complaint.

53. During the subject events, Detective Gibson intentionally confined Ms. Houston without a warrant or other lawful privilege, and without Ms. Houston's consent.

54. Detective Gibson's seizure of Ms. Houston complained of hereunder was in violation of the Ohio law of wrongful arrest and/or wrongful imprisonment.

55. During the subject events, Detective Gibson unreasonably, and without probable cause, seized Ms. Houston in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

56. In imposing the wrongs complained of in this Count IV, Detective Gibson acted with oppression, fraud and/or malice, and Ms. Houston is entitled to punitive damages.

### COUNT V - DEFENDANT RASBERRY: FALSE IMPRISONMENT, CONSTITUTIONALLY UNREASONABLE SEIZURE, OF BOTH PLAINTIFFS

Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 56 of this Complaint.

57. During the subject events, Detective Rasberry intentionally confined Mr. Burns

9

and Ms. Houston without warrant or other lawful privilege, and without their consent.

58. Detective Rasberry's confinements of Mr. Burns and Ms. Houston complained of hereunder were in violation of the Ohio law of wrongful arrest and/or wrongful imprisonment.

59. During the subject events, Detective Rasberry unreasonably, and without probable cause, confined Mr. Burns and Ms. Houston in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

60. In imposing the wrongs complained of in this Count V, Detective Rasberry acted with oppression, fraud and/or malice, and Mr. Burns and Ms. Houston are entitled to punitive damages.

### COUNT VI - DEFENDANT HOLMES: FALSE IMPRISONMENT, CONSTITUTIONALLY UNREASONABLE SEIZURE, OF BOTH PLAINTIFFS

Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 60 of this Complaint.

61. On information and belief, Detective Holmes intentionally confined Ms. Houston and Mr. Burns during the subject events without warrant or other lawful privilege, and without their consent.

62. Detective Holmes's confinements of Ms. Houston and Mr. Burns as complained of hereunder were in violation of the Ohio law of wrongful arrest and/or wrongful imprisonment.

63. On information and belief, Detective Holmes unreasonably, and without probable cause, seized or confined Ms. Houston and Mr. Burns during the subject events, in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

64. In imposing the wrongs as complained of in this Count VI, Detective Holmes acted with oppression, fraud and/or malice, and Ms. Houston and Mr. Burns are entitled to

punitive damages.

### COUNT VII - DEFENDANT LUTHER: FALSE IMPRISONMENT, CONSTITUTIONALLY UNREASONABLE SEIZURE, OF BOTH PLAINTIFFS

Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 64 of this Complaint.

65. On information and belief, Detective Luther intentionally confined Ms. Houston and Mr. Burns without warrant or other lawful privilege, and without their consent.

66. Detective Luther's confinements of Ms. Houston and Mr. Burns as complained of hereunder were in violation of the Ohio law of wrongful arrest and/or wrongful imprisonment.

67. On information and belief, Detective Luther unreasonably, and without probable cause, seized or confined Ms. Houston and Mr. Burns during the subject events in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

68. In imposing the wrongs as complained of in this Count VII, Detective Luther acted with oppression, fraud and/or malice, and Ms. Houston and Mr. Burns are entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment:

a) Awarding compensatory in excess of $25,000, and punitive damages, pursuant to each of the foregoing Counts;

b) Awarding the costs of this litigation, including Plaintiff's reasonable attorney fees and expenses pursuant to 42 U.S.C. § 1988 or other applicable fee shifting provision; and,

c) Awarding all other damages that would fairly and reasonably compensate Plaintiffs for the harms imposed on them by Defendants.

DEMAND IS HEREBY MADE FOR TRIAL BY JURY.

Respectfully submitted:

11

_William M. Saks_
William M. Saks (0055472)
2511 Overlook Road, Suite 8
Cleveland Heights, Ohio 44106
(216) 321-7335

Terry H. Gilbert (0021948)
Friedman & Gilbert
600 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113
(216) 241-1430
Attorneys for Plaintiff